UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GENEVA ALDRIDGE

VERSUS

SAVE-A-LOT, INC.

CIVIL ACTION

NUMBER 07-610-SCR

**ORDER**

In response to the Order to Show Cause issued May 19, 2008,[1] plaintiff Geneva Aldridge filed a letter which will be considered as a motion to dismiss under Rule 41(a)(1), Fed.R.Civ.P.  Record document number 12.

A review of the record showed that defendant Save-A-Lot, Inc., while maintaining that it is neither an entity capable of being sued nor the proper defendant, has not filed an answer or motion for summary judgment.  Nor does the record contain any evidence of service or waiver of service by Save-A-Lot.[2]

Plaintiff filed an Amending and Supplemental Petition on January 2, 2008 changing the defendant to Moran Foods, Inc.[3] However, the new defendant has not filed an answer, or a motion for

---

[1] Record document number 11.

[2] Before it removed the case to this court, defendant Save-A-Lot filed various exceptions in the state court.  Record document number 1, Notice of Removal, exhibit C.  One of the exceptions filed was for insufficient service of process.  Sav-A-Lot did not file an answer or a motion for summary judgment in the state court.

[3] Record document number 7.

summary judgment, or otherwise made an appearance, and there is no indication in the record that it has been served with a summons and the original and amended complaints or waived service.  In fact, the record affirmatively indicates that Moran Foods has not been served or waived service.[4]  The time to serve the defendant as provided by Rule 4(m), Fed.R.Civ.P., has expired.  Failure to timely serve a defendant within the time allowed by Rule 4(m) may result in dismissal of the claims against the unserved defendant.

Considering the plaintiff's letter dated May 22, 2008 as a motion to dismiss, and the fact that neither Save-A-Lot or defendant Moran Foods, Inc. has been served, filed an answer or a motion for summary judgment, the conditions for dismissal under Rule 41(a)(1)(A)(i) are satisfied.

Dismissal under Rule 4(m) is also an additional ground for dismissal of defendant Moran Foods.  A show cause order was issued to the plaintiff regarding service of this defendant.  Plaintiff responded with her letter requesting dismissal of her case.  Thus, under Rule 4(m) plaintiff has not shown good cause to extend the time for service, and there is no basis for the court to exercise its discretion to extend the period for the plaintiff to serve Moran Foods.

Therefore;

IT IS ORDERED that plaintiff's claims against defendant Save-

---

[4] Record document number 10.

A-Lot, Inc. are dismissed pursuant to Rule 41(a)(1)(A)(i), without prejudice.

IT IS FURTHER ORDERED that plaintiff's claims against defendant Moran Foods, Inc. are dismissed pursuant to Rule 41(a)(1)(A)(i) and Rule 4(m), without prejudice.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, May 30, 2008.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE